IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

CHARLES GREENLEE                                                                    PLAINTIFF

V.                                          NO. 13-5110

CAROLYN W. COLVIN,
Acting Commissioner of the Social Security Administration                  DEFENDANT

## **MEMORANDUM OPINION**

Plaintiff, Charles Greenlee, brings this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claim for a period of disability and disability insurance benefits (DIB) under the provisions of Title II of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

**I.     Procedural Background:**

Plaintiff protectively filed his application for DIB on May 11, 2010, alleging disability since March 12, 2009, due to low back injury, anxiety, panic disorder, and right shoulder injury. (112-114, 155, 174). An administrative hearing was held on September 2, 2011, at which Plaintiff appeared with counsel and testified. (Tr. 36-66).

By written decision dated November 16, 2011, the ALJ found that Plaintiff had an impairment or combination of impairments that were severe - degenerative disc disease of the lumbar spine status post remote surgery; right rotator cuff tear; slight obesity; depressive disorder; panic disorder with agoraphobia; and personality disorder. (Tr. 22). However, after

reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 22). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> perform light work as defined in 20 CFR 404.1567(b) except the claimant must avoid twisting, bending, or stooping at the waist; the claimant must avoid work above the shoulder level; and, the claimant can only perform simple, repetitive tasks, and can have no more than incidental contact with the public.

(Tr. 24). With the help of a vocational expert (VE) the ALJ determined Plaintiff was unable to perform any past relevant work, but that there were other jobs that Plaintiff would be capable of performing, such as collator, hand bander, and electronics worker. (Tr. 30).[1]

Plaintiff then requested a review of the hearing decision by the Appeals Council, which considered additional evidence, and denied the request on May 7, 2013. (Tr. 1-5). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 6). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 10, 11).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

---

[1] The Court could not help but notice the large number of incomplete sentences or sentences that make no sense in the ALJ's decision. The following are such examples: "It was none of them was a possibility there may be a road to cater to a problem on the right side of the therapy would be tried noted that there may be a problem with the right rotator cuff, though therapy should be tried first before any imaging was taken." (Tr. 26); "It is not apparent whether Dr. Lincoln chip meant the claimant's current work, which was that of a roof or were all work." (Tr. 28). "The claimant reported is mood as depressed most of the time." (Tr. 28); "He opined the claimant communicated in an Iraqi dinner recently socially adequate manner." (Tr. 29); "The only issues the Dr. Ephraim face these diagnoses solely on the claimant's reports and endorsements." (Tr. 30); "Finally, Dr. Blankenship's opinion is not consistent with the claimant to treating physician,..."(Tr. 30).

**II.     Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F. 3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F. 3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F. 3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F. 3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§423(d)(3), 1382(3)(D). A Plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant had engaged in substantial gainful activity since filing his claim; (2) whether the claimant had a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) met or equaled an impairment in the listings; (4) whether the impairment(s) prevented the claimant from doing past relevant work; and (5) whether the claimant was able to perform other work in the national economy given his age, education, and experience. See 20 C.F.R. §416.920. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of his residual functional capacity (RFC). See McCoy v. Schneider, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. §416.920.

### III. Discussion:

Subsequent to the ALJ's decision, the Appeals Council considered the following additional evidence: Representative Brief by Ray B. Schlegel, dated January 16, 2012; Medical records from Physicians Specialty Hospital dated January 17, 2012 through March 28, 2012; Medical Records from Northwest Arkansas Gastroenterology, dated January 26, 2012 through February 14, 2012; Medical Records from Ozark Orthopaedics, dated April 19, 2010 through March 20, 2012; Medical Records from The Neurosurgery Spine Center, dated November 5, 2001 through April 12, 2012. (Tr. 531-535, 543, 546-574, 578, 585, 589, 592-593, 595, 599, 601, 713-716, 721-722, 731, 734, 738, 741, 743, 753) .

When the Appeals Council has considered material new evidence and nonetheless declined review, the ALJ's decision becomes the final action of the Commissioner. The Court then has no jurisdiction to review the Appeals Council's action because it is a nonfinal agency

action. See Browning v. Sullivan, 958 F.2d 817, 822 (8th Cir.1992). At this point, the Court's task is only to decide whether the ALJ's decision is supported by substantial evidence in the record as a whole, including the new evidence made part of the record by the Appeals Council that was not before the ALJ.  As the United States Court of Appeals for the Eighth Circuit has noted, "this [is] a peculiar task for a reviewing court." Riley v. Shalala, 18 F.3d 619, 622 (8th Cir.1994).  However, once it is clear that the Appeals Council considered the new evidence, then the Court must factor in the evidence and determine whether the ALJ's decision is still supported by substantial evidence. This requires the Court to speculate on how the ALJ would have weighed the newly submitted evidence had it been available at the initial hearing. Flynn v. Chater, 107 F.3d 617, 621 (8th Cir.1997).  Thus, the undersigned has endeavored to perform this function with respect to the newly submitted evidence.

The new evidence in this case relates to two surgeries that were performed on Plaintiff on March 27, 2012, four months after the ALJ issued his decision.  These surgeries related specifically to the impairments of which Plaintiff complained during the relevant time period, and while Plaintiff was waiting for a Worker's Compensation ruling.   The Court has factored in the new evidence, and concludes that had the evidence been available at the initial hearing, it might have affected how the ALJ weighed the evidence.

Accordingly, the Court finds this matter should be remanded to the ALJ for him to consider the new evidence, and to obtain a Physical RFC Assessment from an examining physician. Once received, the Court should then re-evaluate the Plaintiff's Physical RFC.

**IV.   Conclusion:**

Based upon the foregoing, the Court finds that the ALJ's decision is not supported by

substantial evidence, and therefore, is hereby remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

ORDERED this 21st day of July, 2014.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)